UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TONEY LEE JONES, ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-4383 |
| COASTAL CARGO COMPANY, INC., ET AL. | SECTION "N" (3) |

## **ORDER AND REASONS**

Before the Court is the "Motion to Strike Jury Trial" (Rec. Doc. 39), filed by Defendants Geden Lines, Genel Denizcilik Nakliyati A.S, and Icon Fantastic, L.L.C. This motion is opposed by Plaintiffs. (See Rec. Doc. 49). After considering the memoranda filed by the parties,

**IT IS ORDERED** that the **"Motion to Strike Jury Trial" (Rec. Doc. 39)** is **GRANTED**. This lawsuit arises from alleged injuries sustained by Toney Lee Jones while performing duties as a machinist for Coastal Cargo Co., Inc. ("Coastal Cargo ") and/or third party defendant Associated Marine and Industrial Staffing ("AIMS"), assisting in Coastal's stevedoring operations. Jones alleges that he was injured while climbing a rope ladder attached to the M/V FANTASTIC. Because Plaintiffs have invoked their claims under admiralty and maritime jurisdiction pursuant to admiralty and general maritime law, and have failed to make any allegations of federal subject matter jurisdiction, they are not entitled to a jury trial. Fed. R. Civ. P. 38.

Specifically, Plaintiffs filed a "Complaint Under the General Maritime Law" and pled a

"case of admiralty and maritime jurisdiction brought pursuant to the admiralty and general maritime law ..." (Rec. Doc. 1, ¶3). Plaintiffs failed to make any allegations of federal subject matter jurisdiction, such as federal question or diversity jurisdiction. Defendants note that Plaintiffs and Defendant Coastal Cargo are domiciled in the state of Louisiana, precluding complete diversity. The only argument Plaintiff makes to controvert this assertion is that "[t]here is no evidence in the record to show that Coastal Cargo is a Louisiana Citizen." (See Rec. Doc. 49, p. 1). However, this argument fails as, in their "Complaint Under the General Maritime Law", Plaintiffs refer to Coastal Cargo as a "Louisiana domestic corporation" (see rec. Doc. 1, ¶1) and "a domestic corporation organized under the laws of the state of Louisiana". (Rec. Doc. 1, ¶2).

The Fifth Circuit has held that a "simple statement asserting admiralty or maritime claims" presented by a plaintiff indicates that the plaintiff chose to proceed under admiralty jurisdiction and procedures even though the complaint makes no specific reference to Fed. R. Civ. P. 9. *T.N.T. Marine Service, Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983). As a maritime cause of action under Rule 38(e) of the Federal Rules of Civil Procedure, Plaintiffs have no right to a trial by jury in this matter.

New Orleans, Louisiana, this 18th day of August 2011.

**KURT D. ENGELHARDT**
**United States District Judge**